IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-01401 |
| ) | |
| NORTHWEST COLLECTORS, INC., ) | |
| ) | Jury Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Thomas Williams, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter that falsely represented or implied that the debt collector operates or is employed by a credit reporting agency and falsely threatens legal action without attorney involvement in violation of the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from false representations. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise

1

to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Thomas Williams ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a consumer debt allegedly owed for medical services. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Northwest Collectors, Inc. ("NCI") is an Illinois corporation. Its registered agent and office is Bruce M Jancovic, located at 1420 Renaissance Drive, 313, Park Ridge, Illinois, 60068 (Exhibit A, Record from Illinois Secretary of State).

8. NCI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. NCI is a licensed collection agency. (Exhibit C, Record for the Illinois Department of Financial & Professional Regulation).

10. NCI regularly collects or attempts to collect consumer debts originally owed or due another and is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt originally owed for medical services ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay any alleged debts, and the alleged debt went into default.

13. NCI was subsequently retained or hired to collect the alleged debt.

14. On or about March 22, 2017, NCI sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

15. The Letter conveyed information regarding the alleged debt, including an account number, client number, and an amount due.

16. The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

17. The Letter states in part,

. . . WE ARE REPORTING MEMBERS OF NATIONAL CREDIT BUREAUS

(Exhibit C, emphasis in original).

18. NCI is a debt collector and is not affiliated with or employed by the national credit bureaus, nor does it operate a consumer reporting agency.

19. NCI's claim otherwise is a false claim.

20. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or Misleading Representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

3

> **. . . (16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.**

21. NCI made a materially false representation or implication that it operates or is employed by a consumer reporting agency, in violation of § 1692e(16) of the FDCPA, when it stated that it was a member of the national credit bureaus.

22. Section 1681a(f) defines "consumer reporting agency" to mean:

> . . . any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

23. The "National Credit Bureaus," Experian, Equifax and TransUnion, are consumer reporting agencies under §1681(a)(f).

24. NCI is not a consumer reporting agency.

25. A debt collector's relationship with a credit reporting agency is "tenuous at best" and "not any different from the relationship [the credit agency] has with many other debt collection agencies." *Mandel v. Associated Collection Serv. Inc.*, No. CV-13-02100-PHX-JZB, 2015 WL 1508842, at *4 (D. Ariz. Mar. 31, 2015) (holding §1692e(16) violated where the debt collector's letter included at the top the agency's name and the phrase "Affiliated with Trans Union Credit")

26. Stating or implying that the debt collector is a credit reporting agency, misleads the unsophisticated consumer into believing that the collection agency has the power to unfairly influence his consumer report that is issued to third parties.

27. The possibility of undue influence is the reason credit bureaus do not also collect debts.

28. The Letter further states, in part:

> IT IS OUR INTENT TO INVESTIGATE **ALL AVENUES** AVAILABLE TO US IN ORDER TO **RECOVER THE MONIES DUE** TO OUR CLIENT.

(Exhibit C, emphasis added).

29. All avenues would include phone calls, collection letters, and a potential lawsuit. Those are all of the legal methods available to collect an alleged debt.

30. Plaintiff believed, and the unsophisticated consumer would believe, that at the time NCI made the statement, legal action was possible on the account.

31. However, at the time the Letter was sent, no attorney had reviewed the particular circumstances of Plaintiff's alleged account.

32. Further, NCI does not employ any attorneys that review consumer accounts.

33. NCI made this threat in an attempt to coerce Plaintiff into paying the balance on the alleged debt.

34. Conditional language (i.e. "*all avenues available*"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F. 3d 1055 (9th Cir. 2011) (cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012)).

35. NIC's threat was intended to make the consumer afraid of a lawsuit or other legal action, even though the account had not been reviewed by any attorney when the letter was mailed to Plaintiff.

36. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any**

> **debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

37. NCI made a false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threatened possible legal action against Plaintiff, when, in fact, no law firm or lawyer had reviewed the account.

38. The threat of recovery through "all avenues available" communicates to the unsophisticated consumer that "the price of poker has just gone up," and is designed "to get the debtor's knees knocking. *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996).

39. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018) (*citing Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, NCI's threat of pursuing all avenues available to it would influence a consumer to pay an alleged debt to avoid a possible lawsuit.

40. NCI's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

42. NCI made a materially false representation or implication that it operates or is employed by a consumer reporting agency, in violation of § 1692e(16) of the FDCPA, when it stated that it was a member of national credit bureaus.

43. NCI made a false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threatened possible legal action against Plaintiff, when, in fact, no law firm or lawyer had reviewed the account.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
Celetha Chatman

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com