UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-CV-01401 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| NORTHWEST COLLECTORS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Williams filed a single-count complaint against defendant Northwest Collectors, Inc. ("NCI"), alleging that he received a collection notice from NCI that violated the Fair Debt Collection Practices Act ("FDCPA"). NCI moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, NCI's motion [15] is granted in part and denied in part.

**Background**

In addressing this motion, the Court accepts all facts set forth in the Complaint, as true. Thomas Williams is an Illinois resident who allegedly incurred a debt for medical services.[1] Due to his financial circumstances, he was unable to pay any alleged debt, so it went into default. The alleged debt was subsequently assigned to NCI, a debt collection agency that is not affiliated with or employed by a national credit bureau. NCI also does not operate a consumer reporting agency.

NCI sent a letter to Williams in March 2017 regarding the alleged debt. This collection letter contained information such as the amount due, the account number, and the client number. The letter stated, in part, "WE ARE REPORTING MEMBERS OF NATIONAL CREDIT BUREAUS

---
[1] Plaintiff uses the term "alleged" to describe the debt throughout the Complaint, so the Court adopts that term here.

1

. . . ." The letter also stated, "IT IS OUR INTENT TO INVESTIGATE ALL AVENUES AVAILABLE TO US IN ORDER TO RECOVER THE MONIES DUE TO OUR CLIENT." At the time the letter was sent, no attorney had reviewed the circumstances of Williams' account. In addition, NCI does not employ any attorneys that review customer accounts.

Williams then brought this suit, alleging that NCI violated several provisions of the FDCPA. First, he alleges that NCI violated section 1692e(16) by purporting to operate or be employed by a consumer reporting agency. Williams further alleges that NCI's letter made a false statement when it improperly threatened legal action in violation of sections 1692e, 1692e(5), and 1692e(10). Williams seeks statutory damages, actual damages, and costs for the alleged violations. NCI has moved to dismiss the Complaint for failure to state a cause of action upon which relief can be granted.

**Legal Standard**

In ruling on a Rule 12(b)(6) motion to dismiss, the court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient for surviving a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In the Seventh Circuit, claims brought under the FDCPA are evaluated using the "unsophisticated consumer" standard. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014). The unsophisticated consumer is assumed to be "uninformed, naïve or trusting," but is also

assumed to possess "rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence' and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Credit Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). The Seventh Circuit has also noted that "[a]s a general matter, [courts] view the confusing nature of a dunning letter as a question of fact . . . that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (internal citations omitted); *see also Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018).

**Analysis**

The FDCPA prohibits debt collectors from making any "false representation or implication that a debt collector operates or is employed by a consumer reporting agency . . . ." 15 U.S.C. § 1692e(16). NCI first argues that not even an unsophisticated consumer would construe the collection letter as implying that NCI operates or is employed by a credit reporting agency. NCI further asserts that the statement that NCI is a "reporting member" of a national credit bureau would not mislead an unsophisticated consumer, because when the letter is read as a whole it is clear that NCI is only a debt collector. In support, NCI points to other portions of the letter that it argues demonstrate that a consumer would not be misled into thinking NCI is a credit reporting agency, including the statement that "NORTHWEST COLLECTORS INC. IS A COLLECTION AGENCY," a reference to NCI's "collection staff," and clarification that the letter is an attempt to collect a debt that will not be reported to a credit reporting agency until the specified time period expires.

NCI primarily points to *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000), a factually similar case, to support its position. In *Pettit*, the Seventh Circuit held that summary judgment was appropriate for the defendant debt collector, who sent a letter to the plaintiff that

3

identified itself as a debt collector, referred to an employee named in the letter as a collection manager, and stated that the letter was sent in an attempt to collect a debt. *Id.* at 1058-61. *Pettit*, however, challenged a lower court's decision granting a motion for summary judgment. Unlike at the motion to dismiss stage, summary judgment is only proper when no reasonable jury could differ about the legal conclusion to be drawn from the material facts of the case. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). At the motion to dismiss stage, the Court evaluates whether or not the plaintiff has met his burden of alleging facts that, if true, are sufficient to state a claim upon which relief can be granted. *Lavalais*, 734 F.3d at 632; *see also Bandas v. United Recovery Serv., LLC*, No. 17-C-01323, 2018 WL 4286198, at *4 (N.D. Ill. Sept. 7, 2018) (Kendall, J.).

In addition, although the collection letter sent in the *Pettit* case shared similarities with the collection letter at issue here, the letter in *Pettit* did not contain the "reporting member" language that Williams alleges violates the FDCPA. Another court in this district recently held that similar "member" language might reasonably lead an unsophisticated consumer to believe that a debt collector operates as or is employed by a credit reporting agency. *See McCurdy v. Grant & Weber, Inc.*, No. 17-C-7073, 2018 WL 3831532, at *2 (N.D. Ill. Aug. 13, 2018) (Alonso, J.). In *McCurdy v. Grant & Weber, Inc.*, the court held that a similarly worded collection letter that stated that the debt collector was a "[m]ember of Experian" was sufficient to survive a motion to dismiss, even though other language in the letter suggested that the sender was a debt collector. *Id.* The court noted that the term "member," without any explanation as to what it means to be a "member," could reasonably imply that the sender operates as or is employed by the credit reporting agency of which it is a member. *Id.* at *2–3.

This Court agrees. Although NCI suggests elsewhere in its collection letter that it is a debt collection agency, NCI's statement that it is a "reporting member" of national credit bureaus could reasonably imply that it operates as or is employed by a credit reporting agency. Like in *McCurdy*, the

4

letter from NCI does not explain what it means to be a reporting member of a credit reporting bureau. Even with the presence of other language that could suggest that NCI is only a collection agency, the statement that NCI is a "reporting member" of a national credit bureau may still constitute a false or misleading statement that NCI operates or is employed by a consumer reporting agency. Therefore, Williams has sufficiently alleged facts that plausibly constitute a violation of section 1692e(16) of the FDCPA.

Next, NCI argues that the statement in the collection letter that it intends to "investigate all avenues available" is not a false or misleading threat of litigation in violation of sections 1692e, e(5), or e(10) of the FDCPA. Section 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. More specifically, sections 1692e(5) and 1692e(10), respectively, proscribe a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken," and from using any "false representation or deceptive means to collect or attempt to collect any debt."

For a collection letter to constitute a threat of legal action under section 1692e(5), the letter must communicate that "a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *See Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) (Castillo, J.). Here, the statement that NCI intends to "investigate all avenues available" does not indicate that legal action is imminent or identify litigation as one of those options. Indeed, Williams alleges that at the time NCI sent the collection letter no attorney had even reviewed his account. It fails credulity then to suggest that the language or its context indicate that litigation is imminent, which courts within this district have required in order for a letter to constitute a threat in violation of section 1692e(5). *See, e.g., Aker v. Bureaus Inv. Group Portfolio No. 15 LLC*, No. 12-C-03633, 2014 WL 4815366, at *5 (N.D. Ill. Sept. 29, 2014) (Tharp, J.) (holding that

language in a letter sent by an attorney on behalf of a debt collector did not violate § 1692e(5) because stating that the firm was "'consider[ing] additional remedies' at unspecified times do[es] not constitute a threat of litigation").

Likewise, Williams has not alleged a plausible violation of section 1692e or 1692e(10). To do so, plaintiffs must allege that a collection letter would plausibly mislead or confuse an unsophisticated consumer in a material way. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018). Collection letters may materially mislead where the letter would influence an unsophisticated consumer's decision to pay the debt or where the letter implies that certain outcomes may result from a debtor's failure to pay a debt, but those outcomes are not legally possible. *Id.* at 367 (citing *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)). Here, Williams summarily alleges that the "investigate all avenues available" language in the collection letter conveys a threat of potential lawsuit, which would lead an unsophisticated consumer to believe that legal action was possible and would be a "material" influence on his or her decision to pay a debt. However, at no point does the letter reference litigation. Williams does not explain his assumption that the "all avenues" language means NCI's next action would be litigation. The unsophisticated customer standard does not entertain such a speculative interpretation; therefore, this bare recitation of the legal elements is insufficient to raise the right to relief. *See Iqbal*, 556 U.S. at 678; *Pettit*, 211 F.3d at 1060.

Even if the collection letter could be plausibly interpreted as communicating that litigation is a possible next step, the mere suggestion that litigation is an option is not unlawful unless the sender has no intention to pursue litigation or is legally unable to pursue litigation. *See, e.g.*, *Macias v. Credit Control, LLC*, No. 1:17-cv-01158, 2017 WL 2619145, at *4 (N.D. Ill. June 16, 2017) (St. Eve, J.); *Cuenca v. Harris & Harris Ltd.*, No. 16-CV-05385, 2017 WL 1196922, at *3 (N.D. Ill. Mar. 31, 2017) (Tharp, J.). Without claiming any intention by NCI to pursue ligation or that litigation was

impossible, Williams fails to allege that the letter is false. As such, the Complaint does not plausibly allege that the collection letter is false, deceptive, or misleading in violation of the FDCPA.

**Conclusion**

Based on the foregoing, NCI's Motion to Dismiss Williams' Complaint [15] is denied as to the alleged violations of 15 U.S.C. § 1692e(16) and granted without prejudice as to the alleged violations of 15 U.S.C. § 1692e, 1692e(5), and 1692e(10).

IT IS SO ORDERED.

Date: 12/11/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge